[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15446
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cr-00065-SCB-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN ANTHONY CAMPANALE, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 22, 2016)

Before HULL, WILSON, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant John Campanale appeals his 87-month sentence, imposed after pleading guilty to conspiracy to possess with intent to distribute ethylone and possession with intent to distribute ethylone.  On appeal, Defendant argues that his sentence is unreasonable because the district court improperly considered some of his behavior for both enhancement purposes and in determining whether a downward variance was appropriate.  After careful review, we affirm.

## I.    BACKGROUND

According to the Presentence Investigation Report ("PSR"), Defendant was involved in an ethylone distribution conspiracy in Tampa Bay, Florida, for approximately six months in 2014.  As part of the conspiracy, packages containing ethylone were shipped from China to UPS stores and various other locations near Tampa Bay.  Defendant retrieved the packages and delivered them to alternate locations, where they were picked up by other members of the conspiracy.

In June 2014, agents with the Drug Enforcement Administration and the United States Postal Inspection Service conducted a controlled delivery of a package containing ethylone.  When Defendant retrieved the package from a UPS store in Florida, he was detained and questioned by the agents.  A subsequent investigation revealed that eight other packages containing ethylone were delivered to that UPS store between February and June 2014.

2

A federal grand jury subsequently charged Defendant with: (1) conspiracy to possess with intent to distribute ethylone, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846; and (2) possession with intent to distribute ethylone, in violation of § 841(a)(1), (b)(1)(C). Defendant initially pled not guilty.

He later filed a motion to suppress statements he made during his initial detention. At the suppression hearing, Defendant testified that he invoked his right to an attorney after he was detained at the UPS store, but agents continued to question him and did not provide him with an attorney. The agents denied that Defendant had requested an attorney while he was detained. The district court found Defendant's testimony incredible and denied his motion. Defendant then pled guilty to both counts of the indictment.

The PSR assigned Defendant a base offense level of 32 pursuant to U.S.S.G. § 2D1.1(c)(4), because the ethylone for which Defendant was accountable was the equivalent of 4737.5 kilograms of marijuana. Defendant received a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1, based on the false testimony he provided at the suppression hearing. The PSR also declined to assign a reduction for acceptance of responsibility, resulting in a total offense level of 34. Based on a total offense level of 34 and a criminal history category of I, Defendant's advisory guideline range was 151 to 188 months' imprisonment.

Defendant objected to the obstruction-of-justice enhancement under § 3C1.1, and to the PSR's denial of a reduction for acceptance of responsibility. At the sentencing hearing, the district court determined that Defendant clearly obstructed justice by providing false testimony at the suppression hearing. The district court also overruled Defendant's objection to the denial of a reduction for acceptance of responsibility, concluding that the Guidelines' commentary provides that an obstruction-of-justice enhancement typically means the defendant has not accepted responsibility.

Defendant asserted that a sentence within the guideline range was not reasonable, and that because his obstructive conduct already factored into the Guidelines, it was not appropriate to consider that conduct in determining whether a variance was warranted under § 3553(a). The district court expressed concern that Defendant's participation in the drug conspiracy was not his only lapse in judgment, as he continued to make mistakes by lying at the suppression hearing. Ultimately, the district court determined that a downward variance was appropriate based on Defendant's military service, post-traumatic stress disorder, and lack of a criminal history. Consequently, the district court varied downward from an offense level of 34 to 29, and sentenced Defendant to 87 months' imprisonment. This appeal followed.

## II.    DISCUSSION

Using a two-step process, we review the reasonableness of a district court's sentence for abuse of discretion. *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014). First, we determine whether a sentence is procedurally reasonable. *Id.* "A sentence may be procedurally unreasonable if the district court improperly calculates the Guidelines range, treats the Guidelines as mandatory rather than advisory, fails to consider the appropriate statutory factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence." *United States v. Gonzalez*, 550 F.3d 1319, 1323 (11th Cir. 2008).

After determining that a sentence is procedurally sound, we then examine whether the sentence is substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors.[1] *Cubero*, 754 F.3d at 892. The party challenging the sentence bears the burden of showing that it is unreasonable. *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008). We will only vacate a defendant's sentence if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed education or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation omitted).

Though Defendant does not distinguish between his procedural and substantive reasonableness arguments, he appears to challenge his sentence on both grounds.  As to procedural reasonableness, Defendant argues that the district court procedurally erred by considering his obstructive conduct for both enhancement purposes and in determining the extent of the downward variance.  But Defendant's argument misses the mark, as we have "held that a district court can rely on factors in imposing a variance that it [has] already considered in imposing an enhancement." *United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010); *see also United States v. Amedeo*, 487 F.3d 823, 833–34 (11th Cir. 2007) (concluding that it was reasonable, when imposing an upward variance pursuant to § 3553(a), for the district court to rely on certain aspects of the defendant's conduct that had been considered in imposing an enhancement under U.S.S.G. § 3B1.3).

Moreover, Defendant's reliance on U.S.S.G. §§ 5K2.0(d) and 5K2.21— which address the consideration of particular conduct for purposes of upward and downward departures—is misplaced because these provisions apply to departures under the Sentencing Guidelines, not to variances under § 3553(a).  *See* U.S.S.G. §§ 5K2.0(d), 5K2.21.  Finally, the record does not support Defendant's argument

that the district court failed to consider the § 3553(a) factors, as the district court explicitly stated that it had considered those factors and, in fact, referenced several factors in explaining why it had imposed an 87-month sentence.  *See United States v. Docampo*, 573 F.3d 1091, 1100 (11th Cir. 2009) ("[N]othing . . . requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." (quotations omitted)).

Defendant's sentence is also substantively reasonable.  For starters, Defendant's sentence—which reflected a 64-month downward variance from the low end of the guideline range—is well below the statutory maximum of 20 years' imprisonment under 21 U.S.C. § 841(b)(1)(C).  *See Gonzalez*, 550 F.3d at 1324 (suggesting that a sentence well below the statutory maximum is an indicator of reasonableness); *Cf. United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (explaining that, although we do not presume that a sentence within the guideline range is reasonable, we typically expect it to be reasonable).  Additionally, as noted by the district court, Defendant's 87-month sentence was sufficient but not greater than necessary to accomplish the goals of sentencing, as it took into account several of the § 3553(a) factors, including Defendant's history and characteristics, the nature and circumstances of the offense, and the need to protect the public.  In short, the record shows that the district court considered and

weighed the conflicting factors in making its sentencing determination and Defendant has not met his burden of showing that the district court arrived "at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (quotations omitted).

For the foregoing reasons, Defendant's sentence is **AFFIRMED**.